[Civ. No. 3576.   Third Appellate District—February 12, 1929.]

W. P. CLINE, Appellant, v. W. TYLER SMITH,
Respondent.

Joseph Scott and A. G. Ritter for Appellant.

Bordwell, Mathews & Wadsworth, Odell S. McConnell,
Ray W. Bruce and John H. Mathews for Respondent.

FINCH, P. J.—This is one of the actions growing out of
the contract and transactions set forth in *Campbell* v. *Smith*
(No. 3574), *ante*, p. 689 [274 Pac. 758], to which reference
is hereby made for a more complete statement of facts.   The
plaintiff herein is the assignee and agent of the Falls Rubber
Company.   He prosecutes this action to recover possession
of automobile tires and tubes of the alleged value of $8,000.
He took possession of the property under a claim and de-
livery bond before the trial.   Verdict and judgment went
for the defendant for the return of the property or its value
in the sum of $8,000.   The plaintiff has appealed from the
judgment.

This action and the Campbell case and another action
between the parties hereto were tried together before the same
jury.   The facts involved in this action are largely the same
as those in the Campbell case.   Some of the tires and tubes,

for the recovery of which this action was brought, had been pledged by defendant as security for money borrowed by him and others had been distributed by him among retail dealers. The defendant claimed ownership of a part of this property by reason of the trade acceptances for $18,000 which he gave the company, as set forth in the Campbell case. In respondent's brief it is said: "It was our contention at the trial of this case, and we still hold to that view, that whether or not the execution and delivery of such trade acceptances constituted payment for said tires and tubes is a question of fact . . . for determination by the jury." The instructions to the jury, however, rendered the determination of that question immaterial. In the instruction set forth at length in the Campbell case, expressly made applicable to both cases, the court told the jury that if the "defendant had the right to the possession of the property" he was entitled to a verdict for its return or "for the value thereof as of the present date." If, as stated in the Campbell case, the plaintiff was the general owner of the tires and tubes and the defendant was the owner of a special property or interest therein, then the latter's right of recovery cannot exceed the value of such special interest, in case a return of the property cannot be had.

The court instructed the jury that "when a person has lawfully come into possession of the property of another it is a necessary prerequisite that a demand be made before a claim and delivery action can be commenced," and the court refused to give an instruction requested by the plaintiff to the effect that no demand was necessary, "inasmuch as defendant in his answer . . . has asserted title and a right of possession in himself." Under the circumstances stated, the instruction given is erroneous and the one refused should have been given. (*Drinkhouse* v. *Van Ness*, 202 Cal. 359, 373 [260 Pac. 869].) It is unnecessary to repeat the discussion and the citation of authorities in the Campbell case. They are equally applicable to the facts of this case.

The judgment is reversed.

Plummer, J., concurred.